# HUNT

### *v.*

# SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY.

---

FIRE INSURANCE; PROVISION IN POLICY AGAINST INCUMBRANCE OF PROPERTY.

The placing by the insured of an incumbrance upon insured chattels by an instrument in the form of a conveyance to another in trust, with power of sale, etc., to secure an indebtedness therein recited, is a violation of a condition in the policy to the effect that the same shall be void if the property insured shall be or become incumbered by a chattel mortgage; a chattel mort-

gage and a conveyance in trust to a third person with power of sale in case of default of the grantor, each being a chattel mortgage within the ordinary meaning of the term; *following* Middleton v. Parke, 3 App. D. C. 144.

No. 1169.  Submitted April 4, 1902.  Decided May 6, 1902.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in an action upon a policy of fire insurance, a demurrer to a plea having been overruled and the plaintiff having elected to stand on her demurrer.                              *Affirmed.*

The COURT in the opinion stated the case as follows:

This action was begun by appellant Martha I. Hunt, as plaintiff, to recover upon a policy of fire insurance covering certain household furniture and other personal property. The declaration is in the ordinary form containing all the necessary allegations.

Several pleas were filed by the defendant the Springfield Fire and Marine Insurance Company, to which the plaintiff demurred.    Only one of these, with the action thereon, need be considered.

It alleged a condition of the policy to the effect that the same should be void if the property insured should be or become incumbered by a chattel mortgage; and further, that after the execution of the policy the plaintiff did incumber the same by a chattel mortgage in the form of a conveyance to a certain party in trust with power of sale and so forth, to secure certain indebtedness therein recited.

The court overruled the demurrer to this plea and, plaintiff having elected to stand upon her demurrer, entered judgment for the defendant, from which this appeal has been prosecuted.

*Mr. John C. Gittings, Mr. John R. Shields,* and *Mr. Ulysses Butler* for the appellant.

*Mr. Andrew B. Duvall* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

It is conceded that the condition pleaded is a valid one and, if broken, presents a bar to the action. *Dumas* v. *Insurance Co.,* 12 App. D. C. 245.

But the contention is, that the terms of the condition must be strictly construed, resolving all doubts in favor of the insured; and that so construed there is a distinction at law, to which effect must be given, between the chattel mortgage therein mentioned and a chattel deed in trust as described in the plea.

The argument in support of this contention is ingenious, but lacks substantial foundation. There is no ambiguity in the language of the condition set out in the policy. Its plain purpose is to guard against the incumbrance of the insured personal property, without the knowledge and consent of the insurer, whether it be by way of a technical chattel mortgage simply, by such a mortgage with power of sale in the mortgagee, or by a conveyance in trust to third persons with similar power of sale in case of the default of the mortgagor. Each is a chattel mortgage within the ordinary meaning of the term. *Middleton* v. *Parke,* 3 App. D. C. 149, 164.

That case was an action of ejectment to recover the possession of land that had been sold under a deed of trust executed by a guardian under the authority of the equity court. The authority given was to "mortgage" the land. The case turned upon the contention, which was denied, that the power to "mortgage" did not authorize a security by conveyance in trust. That contention had more plausible foundation than the one in the case at bar.

The court was right in overruling the demurrer and the judgment must be affirmed, with costs. It is so ordered. ·

*Affirmed.*